## ORLEANS COUNTY v. STATE AUDITOR.

Orleans County, 1893.

Before : Ross, Ch. J., Rowell, Start and Thompson, JJ.

*Expense of furnishing water for court house and jail.*

Under No. 100, Acts of 1882, the State should pay the necessary expense for water used in and about the court house, but not for that used in the jail.

This was a petition for a mandamus directing the State auditor to draw an order for certain water rents accruing in connection with the court house and jail in Orleans county. Heard upon answer and an agreed statement of facts at the May term, 1893.

The only question presented for determination by the agreed statement was whether, under No. 100, Acts 1882, the State was liable to refund to the county the amounts paid by it as water rents for the water supplied to the county court house and jail.

*Crane & Alfred* and *W. W. Miles* for the petitioner.

The manifest intention of the legislature was that the county should furnish the buildings and the State pay the current expenses, and such has been the practical construction of the statute in respect of everything except water. *Nichols* v. *Free Press Association*, 45 Vt. 7 ; *Ryegate* v. *Wardsboro*, 30 Vt. 750.

*F. D. Hale* and *Bates & May* for defendant.

Certainly the statute does not include the jail, and it is insisted that a fair construction of it makes the county a landlord, with the obligation to furnish whatever a landlord does with his tenement, which usually includes the water. *Coolidge* v. *Hager*, 43 Vt. 9; *Moffatt* v. *Henderson*, 50 N. Y. 211; *Sherman* v. *Williams*, 113 Mass. 481; *Gould*, *Waters*, 305; *Garner* v. *Hannah*, 6 Duer (N. Y.) 262; *Wyman* v. *Farrer*, 35 Me. 64; *Pratt* v. *Paine*, 119 Mass. 439.

ROWELL, J.    No. 100, of the Acts of 1882, as engrossed, provides that each county in the State shall provide a good and suitable building for the holding of the county court, the supreme court and the court of chancery, keep them in repair, and provide all necessary furniture, and that "all other expenses connected with the courts" shall be paid by the State, including the entire expenses of the general term of the supreme court.

In the agreed statement and in the petitioner's brief the case is put solely on this statute, and hence it is a mere question of its construction, beyond which we are not called upon to go.

The requirement to provide a good and suitable building refers to the structure, and does not include supplying it with water.   Nor does such supplying pertain to keeping the building in repair, nor to furnishing it; but it comes within "other expenses connected with the courts," and therefore must be paid for by the State.

But we do not think this act refers to expenses connected with jails, but only to expenses more immediately connected with the courts.   It may be that there is no reason for a distinction, but this is the way the act strikes one on first reading, and its language is not apt for greater scope.   The legislature of 1884 manifestly gave it this construction, for it provided by act No. 155 that the expense of fuel for warming jails shall be paid by the State.   This, of course,

was unnecessary if the act of 1882 covered the subject. We are content to adopt this construction, for we think it correct. The State, therefore, is not to pay for water to the jail.

It being agreed that a mandamus shall issue for an order for such amount as the court decides is for the State to pay, the defendant is commanded to draw an order on the State treasurer in favor of the petitioner for the sum of $61.38, which is the amount of rent for water to the court house. As the State does not pay costs, no costs are awarded to the petitioner.